UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-12133-RGS

NATALIE D. PEREIRA

v.

LOUIS DEJOY, POSTMASTER GENERAL

MEMORANDUM AND ORDER ON
DEFENDANT'S PARTIAL MOTION TO DISMISS

April 18, 2024

STEARNS, D.J.

Plaintiff Natalie D. Pereira brought this lawsuit against Louis DeJoy, in his capacity as Postmaster General of the United States Postal Service (USPS), alleging that she was subjected to a hostile work environment, unlawful discriminatory conduct based on her age and gender, and retaliation in the workplace. The Complaint asserts five claims against Postmaster DeJoy: (1) employment discrimination in violation of Title VII of the Civil Rights Act (Count I); (2) age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 (Count II); (3) intentional infliction of emotional distress (IIED) (Count III); (4) employment discrimination in violation of Mass. Gen. Laws ch. 151B (Count IV); and retaliation in violation of Title VII and Mass. Gen. Laws ch.

151B (Count V).  Postmaster DeJoy moves to dismiss Counts III and IV in their entirety and Count V in part pursuant to Rules 12(b)(1) and (6).  For the following reasons, the court will allow Postmaster DeJoy's partial motion to dismiss.

## BACKGROUND

The facts, drawn from the Complaint and viewed in the light most favorable to Pereira, are as follows.  Pereira worked as a full-time sales, service/distribution associate at the Seekonk Post Office.  Compl. (Dkt. # 1) ¶ 11.  Pereira alleges that beginning in 2021 and lasting until May of 2023, her male supervisor subjected her to harassment and conduct of a sexual nature at the workplace and sent her unwelcome sexually explicit text messages.  *Id.* ¶¶ 15-16.

After Pereira reported her supervisor's behavior, USPS investigated and, in May of 2022, removed the supervisor from the Seekonk Post Office.  *Id.* ¶ 19-22.  Her supervisor, however, returned to the Seekonk Post Office in August of 2022 because USPS did not find conclusive evidence of harassment.  *Id.* ¶ 23-25.

In the same month that her supervisor returned to Seekonk, Pereira filed a formal complaint with USPS's Equal Employment Opportunity (EEO) office against Postmaster DeJoy.  *Id.* ¶ 28.  Pereira alleged in her EEO

complaint that Postmaster Dejoy subjected her to a hostile work environment because of her age and sex and retaliated against Pereira based on the repeated reports of sexual harassment. *Id.* ¶ 12. In addition, between September of 2022 and February of 2023 Periera filed nine USPS PS Forms 1767 Report of Hazard, Unsafe Condition or Practice that alleged continuous harassment by the supervisor. *Id.* ¶¶ 29-31, 34-38. Following the EEO office's final decision in June of 2023 that found no evidence to support Pereira's claim of discrimination, Periera filed the instant action in this court. *Id.* ¶ 12.

## DISCUSSION

Where, as here, the court is tasked with deciding motions to dismiss under both Rules 12(b)(1) and 12(b)(6), it must resolve the jurisdictional dispute before reaching the merits because "if the court lacks subject matter jurisdiction, assessment of the merits becomes a matter of purely academic interest." *Deniz v. Mun. of Guaynabo*, 285 F.3d 142, 149-150 (1st Cir. 2002). "The proper vehicle for challenging a court's subject-matter jurisdiction is Federal Rule of Civil Procedure 12(b)(1)." *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 362 (1st Cir. 2001).

Pereira bears the burden of justifying federal subject matter jurisdiction in this case. *See Taber Partners, I v. Merit Builders, Inc.*, 987

3

F.2d 57, 60 (1st Cir. 1993) ("[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence."). To determine whether Pereira has met this burden, the court "take[s] as true all well-pleaded facts in the plaintiffs' complaint[], scrutinize[s] them in the light most hospitable to the plaintiffs' theory of liability, and draw[s] all reasonable inferences therefrom in the plaintiffs' favor." *Fothergill v. United States*, 566 F.3d 248, 251 (1st Cir. 2009).

**Count III – Intentional Infliction of Emotional Distress**

Count III alleges Postmaster DeJoy's refusal to provide adequate remedial actions in response to Pereira's complaints of sexual harassment amounts to IIED. The Federal Tort Claims Act (FTCA) is the exclusive remedy for common law torts committed by federal employees acting within the scope of their employment and bars claimants from bringing suit in federal court until they exhaust administrative remedies. *See* 28 U.S.C. § 2679(b)(1); *McNeil v. United States*, 508 U.S. 106, 113 (1993). The FTCA's exhaustion requirement is a "'non-waivable jurisdictional requirement' limiting the suit to claims fairly made to the agency." *Acosta v. U.S. Marshals Serv.*, 445 F.3d 509, 513 (1st Cir. 2006), quoting *Santiago-Ramirez v. Sec'y of Dep't of Def.*, 984 F.2d 16, 18, 19-20 (1st Cir. 1993).

4

Pereira concedes that she never filed an administrative claim for IIED with the USPS but attempts to excuse her failure to bring forward an administrative claim by arguing that her claim of IIED is "clearly implicated" and "subsume[d]" by the allegations she brought to USPS's attention. Pl.'s Mem. of Law in Supp. of her Obj. & Opp'n to the Def.'s Partial Mot. to Dismiss Pl.'s Compl. (Dkt. # 21) at 9-10. Pleading a claim by implication is not enough to overcome the FTCA's jurisdictional bar. *See Corte-Real v. United States*, 949 F.2d 484, 485 (1st Cir. 1991) (claimant must "timely present a claim, in writing, stating a sum certain" to overcome jurisdictional bar). Pereira identifies nothing showing that she satisfied these requirements, so the court lacks jurisdiction to entertain Count III. *See Acosta*, 445 F.3d at 514. And because Pereira has made no showing that amending her Complaint would cure these deficiencies, her request to re-plead Count III is denied.

**Counts IV & V – Retaliation and Discrimination in Violation of Mass. Gen. L. ch. 151B.**

In Counts IV and V, Periera alleges retaliation and discrimination based on her age and sex in violation of Mass. Gen. L. ch. 151B. It is well established that Title VII provides the exclusive judicial remedy for claims of discrimination based on sex in federal employment. *Gonzalez v. Velez*, 864 F.3d 45, 55 (1st Cir. 2017), quoting *Brown v. Gen. Servs. Admin.*, 425 U.S.

820, 835 (1976); *see also* 42 U.S.C. § 2000e-16(a).  As the gravamen of Periera's 151B claims is Title VII discrimination, "the only remedy available [to her] is under Title VII."  *River-Rosario v. U.S. Dep't of Agric.*, 151 F.3d 34, 38 (1st Circ. 1998).  Thus, Count IV is dismissed in its entirety and Count V is dismissed to the extent it alleges a retaliation claim under Mass. Gen. Laws ch. 151B.

## ORDER

For the foregoing reasons, Postmaster DeJoy's Motion to Dismiss Counts III and IV in their entirety and Count V in part is <u>GRANTED</u>.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE